UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MICHAEL D. SUMRALL** | : | **CIVIL ACTION NO. 2:12-cv-354** |
| **VERSUS** | : | |
| | | **JUDGE MINALDI** |
| **WARDEN, LOUISIANA STATE PENITENTIARY A/K/A** | : | |
| **N. BURL CAIN** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is the application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 by petitioner, Michael D. Sumrall. Petitioner is a prisoner in the custody of the Louisiana Department of Corrections. The matter has been referred to the undersigned in accordance with 28 U.S.C. § 636 and the standing orders of the court.

I.  **Procedural History**

Petitioner was indicted by a Vernon Parish Grand Jury and charged with second degree murder. He was found guilty as charged by a jury vote of ten to two. On May 18, 2009, petitioner was sentenced to life without parole. Doc. 1, att. 2, p. 5.

Petitioner appealed his conviction to the Third Circuit Court of Appeals and raised four claims for relief, including: (1) the evidence was insufficient to support the guilty verdict; (2) the trial judge impermissibly restricted his right to cross-examine an essential witness in violation of the Confrontation Clause; (3) the non-unanimous verdict of guilty was unconstitutional; (4) the trial judge gave the jury an impermissible *Allen* charge; and (5) the trial court made erroneous evidentiary rulings. Doc. 1, att. 3, p. 11. On April 7, 2010, the appellate court affirmed

petitioner's conviction and sentence.  *State v. Sumrall*, 34 So.3d 977 (La. App. 3 Cir. 2010); Doc. 1, att. 3, pp. 47–57.

On April 21, 2010, petitioner filed an application for writs seeking further direct review in the Louisiana Supreme Court. Doc. 1, att. 3, pp. 59–63.  The application was denied on December 10, 2010.  Doc. 1, att. 3, p. 65.  Petitioner did not seek writ of certiorari with the United States Supreme Court, thus his conviction became final on March 10, 2011.

Petitioner filed the instant petition on February 2, 2012.  He makes the same claims for relief that he raised on direct appeal.  Doc. 1, att. 2, p. 5.

## II. Factual Background

When reviewing petitioner's case on appeal, the Third Circuit discussed the facts of the case at length.  These findings of fact "are presumed to be correct.  The applicant [has] the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. 2254(e)(1).  The state appellate court said, in pertinent part, the following:

> Mark Schermerhorn was murdered at his home on June 23, 2006, while Defendant and Tina Pruitt were also present.  Schermerhorn was stabbed eight times.  The wound on his left front chest was six and a half inches deep; it punctured the upper lobe of the left lung and penetrated the pericardial sac.  The wound on the right side of his back was the same depth; it punctured the lower lobe of the right lung and broke through a rib.  The blow required a significant amount of force.  Six separate wounds on the left side of the back were fairly close together.  Four penetrated the back of the left lung, and three of those four went through his ribs at depths of up to seven and a half inches.  Each of the wounds was potentially fatal, but would not have brought about rapid death or incapacitation.  Thus, the victim was still conscious and able to move after the wounds were inflicted.
>
> Schermerhorn's body showed no defensive wounds.  There were no signs of a struggle at his home.  His body was positive for benzodiazepine and carisoprodol, both of which could have been prescribed, and for marijuana.  His .04 blood alcohol level could have been caused by the body's decomposition, but forensic pathologist Dr. Karen F. Ross could not exclude the possibility of alcohol consumption shortly before death.

> Dr. Ross found small abrasions on both of Schermerhorn's knees. Those abrasions were consistent with wounds made by the victim falling to his knees. Dr. Ross believed fear or anger, along with drugs or alcohol, could impact the murderer's strength. Schermerhorn was 6′3″ tall and weighed about two hundred and twenty-eight pounds.
>
> Defendant and Pruitt admitted they were both present at the scene of the murder; thus, one or both of them was responsible. Trial testimony contained great factual detail from a number of witnesses. Defendant and Pruitt accused each other of the murder.

*State v. Sumrall*, 34 So. 3d 977, 978–79 (La. App. 3 Cir. 2010).

### III.  Legal Standard on Habeas Review

Federal courts of the United States have jurisdiction to entertain applications for writs of habeas corpus on behalf of a person in State custody only if that person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Because the appellate court adjudicated petitioner's claims on the merits, this court reviews those decisions under the deferential standard of 28 U.S.C. § 2254(d). *Corwin v. Johnson*, 150 F.3d 467, 471 (5th Cir. 1998). Where the state court has reached the merits of a constitutional claim, a "writ of habeas corpus . . . shall not be granted with respect" to that claim "unless the adjudication of the claim" resulted in a decision that was either (1) contrary to clearly established federal law or unreasonably applied that law, or (2) "based on an unreasonable determination of the facts in light of the evidence" before the state court. 28 U.S.C. § 2254(d).

Under the first standard, petitioner must demonstrate that the "fair import" of the state court decision shows that the court failed to apply the controlling Supreme Court standard. *Early v. Packer*, 537 U.S. 3, 9 (2002) (*per curiam*). The decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).

Under the second standard, it is insufficient that a petitioner show that the state court erred; he must demonstrate that it was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "[A] state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S.Ct. 841, 849 (2010). Rather, the petitioner must show that "a reasonable factfinder must conclude" that the determination of facts by the state court was unreasonable. *Rice v. Collins*, 546 U.S. 333, 341 (2006).

## IV.  Claims for relief

In the instant application, petitioner raises the same claims for relief that he raised on direct appeal in state court. However, the second and fifth claims for relief on direct appeal, which dealt with confrontation and evidentiary issues, respectfully, are combined into a single claim for relief herein. The undersigned will address each claim in turn.

### A.  Sufficiency of the Evidence

Petitioner claims that the evidence presented at trial was insufficient to support a finding of guilt beyond a reasonable doubt on the charge of second degree murder.

A criminal conviction cannot be sustained "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). Because petitioner was found guilty, the findings of the trial court are reviewed in the light most favorable to the prosecution. *Id.* at 307. Deference to the trier of fact is appropriate because the trier has undertaken the responsibility to "fairly [] resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id.*

Petitioner advanced the same argument on direct appeal that he raises now. The state appellate court considered the argument and rejected it on the merits. It analyzed the situation as follows:

> This case presents a finite number of possibilities of how the murder occurred. Either Defendant or Pruitt, or both of them, murdered Schermerhorn. Defendant says Pruitt did it; Pruitt says Defendant did it. The jury evaluated lengthy and detailed testimony from both of them. It believed Pruitt; it did not believe Defendant. We will not interfere with the jury's credibility determination unless the testimony Pruitt gave would be insufficient to convict Defendant.
>
> Assuming Pruitt's testimony to be true, the evidence is sufficient to support Defendant's conviction. Although she was not in the room when Schermerhorn was first stabbed, Pruitt returned to the room very shortly thereafter and found Defendant holding a knife. Defendant told her he had just killed his best friend, and he told Pruitt to leave the room while he stabbed Schermerhorn again.
>
> *****
>
> Defendant offered some evidence to support his argument that Pruitt killed Schermerhorn. However, the jury's verdict of guilty indicates a rejection of his claim of innocence. Given the evidence in the record, the jury's rejection was reasonable, as was its verdict of guilty.

*State v. Sumrall*, 34 So. 3d 977, 988–89 (La. App. 3 Cir. 2010).

On federal habeas review, the "question is whether the state court's application of the [*Jackson*] standard was unreasonable," *Harrington*, 131 S.Ct. at 785, or whether the state court's findings of fact were "so lacking in justification" that there could not be any "fair minded disagreement" about its correctness. *Id.* at 784.

Petitioner does not articulate how the state appellate court misapplied the *Jackson* standard. In fact, it is clear from the state appellate opinion that it applied an analysis faithful to *Jackson*. Moreover, the state appellate court engaged in a lengthy review of the findings of fact that supported the conviction. *State v. Sumrall*, 34 So. 3d 977, 988–89 (La. App. 3 Cir. 4/7/10). Those findings of fact are presumed to be correct, and petitioner has not shown by clear and

convincing evidence that these findings were incorrect. Therefore, this claim does not provide a basis for relief on habeas review.

### B. Confrontation

Petitioner claims that the trial court abridged his right to confront witness against him when it narrowed the scope of permissible cross-examination of Pruitt. He wished to introduce evidence of Pruitt's drug usage after the murder and an alleged deal she received from the prosecution in the instant case to turn State's witness.

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. "Confrontation means more than being allowed to confront the witness physically. 'Our cases construing the (confrontation) clause hold that a primary interest secured by it is the right of cross-examination.'" *Davis v. Alaska*, 415 U.S. 308, 315 (1974) (quoting *Douglass v. Alabama*, 380 U.S. 415, 418 (1965)). Nevertheless, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Arsdall*, 475 U.S. 673, 679 (1985).

The Louisiana Third Circuit Court of Appeals aptly summarized petitioner's argument and rejected it as a basis for relief:

> Only relevant evidence, that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," is admissible at a trial. La.Code Evid. arts. 401, 402. Here, evidence of charges not leading to convictions does not help the jury determine the probability that any fact is true or false. Evidence of Pruitt's drug charges so temporally removed from and unrelated to the murder is not relevant to Defendant's guilt or innocence. Likewise, how many hundreds of times she may have purchased drugs from

> someone does not help determine any fact pertinent to the murder. And, regarding her plea agreement relative to post-murder drug charges, defense counsel himself showed that evidence provided no motive for Pruitt to lie, because the offenses which led to the plea occurred long after Pruitt's release from jail with regard to this murder. Accordingly, the trial court did not err in disallowing the introduction of this evidence at trial.
>
> Further, we find the trial court's alleged error in disallowing a proffer of evidence likewise has no bearing on the outcome of the trial. If indeed the trial court erred, that error is of no moment because the very evidence of which Defendant complains was ultimately revealed to the jury through questions posed by the State.

*State v. Sumrall*, 34 So. 3d 977, 990 (La. App. 3 Cir. 2010).

In the instant application, petitioner merely reiterates his wish to cross-examine Pruitt. However, he has not demonstrated, or even attempted to demonstrate, that the appellate court's decision was contrary to or unreasonably applied the clearly established federal law as interpreted by the Supreme Court. As the Court made clear in *Arsdall*, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on cross-examination . . . ." 475 U.S. at 679. Consequently, this claim does not provide a basis for relief on federal habeas review.

### C. Non-Unanimous Verdict

Petitioner was convicted of second degree murder by a vote of ten to two. He claims that this non-unanimous verdict is unconstitutional per the Sixth Amendment and the Due Process Clause of the Fourteenth Amendment.

As a threshold matter, petitioner must demonstrate that the right to a unanimous verdict by a state prisoner is "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Sixth Amendment to the United States Constitution, by its own force, applies only to the Federal Government. Some provisions of the amendment, however, have been incorporated via the Due Process Clause of the Fourteenth

Amendment and apply to state court proceedings. The Supreme Court has expressly held that the Due Process Clause does not require state criminal convictions rest on a unanimous verdict. *Apodaca v. Oregon*, 406 U.S. 404 (1972); *Johnson v. Louisiana*, 406 U.S. 356 (1972),

Petitioner argues that the decisions in *Jones v. U.S.*, 526 U.S. 227 (1999), *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Ring v. Arizona*, 536 (2002), implicitly overrule *Apocdaca* and *Johnson*. The undersigned disagrees; however, even if this were the case, an implicit overruling would not entitle petitioner to relief. Section 2254(d)(1) would require a rule of unanimity to be "clearly established," and an implicit decision is anything but.

Consequently, this claim does not provide a basis for habeas relief.

### D. *Allen* Charge

Petitioner argues that the trial judge gave a modified *Allen* charge to the jurors and that the charge automatically constitutes reversible error because the Supreme Court of Louisiana has forbade the use of *Allen* charges.

On habeas review, it is incumbent on petitioner to demonstrate that the decision of the state courts was contrary to or unreasonably applied clearly established federal law as determined by the Supreme Court of the United States. Thus, the threshold issue for the court is to determine what law is clearly established.

The United States Supreme Court in *Allen v. U.S.*, 164 U.S. 492 (1869), approved of a charge given by the trial judge that was designed to break jury deadlock in an effort to reach juror unanimity. In *Lowenfield v. Phelps*, 484 U.S. 231 (1988), the Court revisited *Allen*, and held that, based on the totality of the circumstances, a charge given by the trial judge was not unduly coercive such that it deprived the defendant of due process of law.

The issue in this case is not whether the trial judge gave an *Allen* charge or some modified version thereof.  Such charges have never been recognized as *per se* unconstitutional by the Supreme Court.  Rather, the *per se* rule against *Allen* charges is exclusively a creature of state jurisprudence.  *See State v. Nicholson*, 315 So.2d 639 (La. 1975).  And violations of state law do not provide grounds for federal habeas review.  *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

Petitioner has not advanced a claim for relief based on the federal constitution.  Certainly he could have advanced the argument that the trial court's supplemental instructions to the jury were unduly coercive in violation of the standard articulated in *Lowenfield*; however, he did not advance such a claim in state court and does not in the instant application.  Consequently, petitioner is not entitled to relief on this basis.

V.      **Conclusion and Recommendation**

For the reasons discussed herein, IT IS RECOMMENDED that the instant application be DENIED and DISMISSED WITH PREJUDICE.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court.  Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE this 21st day of August, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE